# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Kenneth E. Conrad,

                Plaintiff,

v.                                                                           Civil No. 14-336 (DWF/HB)

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

                Defendant.
_____

                                            **MEMORANDUM**
Vincent H. Babler,                          **OPINION AND ORDER**

                Plaintiff,

v.                                                                           Civil No. 14-338 (DWF/HB)

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

                Defendant.
_____

Conrad W. Krabbenhoft,

                Plaintiff,

v.                                                                           Civil No. 14-483 (DWF/HB)

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

                Defendant.
_____

## INTRODUCTION

The above-entitled matters are before the Court on the following motions brought by Defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration ("Defendant"):  (1) Motion to Dismiss or Stay against Plaintiff Kenneth E. Conrad ("Conrad") (*Conrad v. Colvin*, Civil No. 14-336 (DWF/HB), Doc. No. 32); (2) Motion to Dismiss or Stay against Plaintiff Vincent H. Babler ("Babler") (*Babler v. Colvin*, Civil No. 14-338 (DWF/HB), Doc. No. 32); and (3) Motion to Dismiss or Stay against Plaintiff Conrad W. Krabbenhoft ("Krabbenhoft") (*Krabbenhoft v. Colvin*, Civil No. 14-483 (DWF/HB), Doc. No. 33).[1]  For the reasons set forth below, Defendant's three motions are granted in part and denied in part as moot.

## BACKGROUND

Plaintiffs are retired dual-status North Dakota Air National Guard ("National Guard") technicians.  (*Conrad*, Civil No. 14-336 (DWF/HB), Doc. No. 1 ("Conrad Compl.") ¶ VI; *Babler*, Civil No. 14-338 (DWF/HB), Doc. No. 1 ("Babler Compl.") ¶ VI; *Krabbenhoft*, Civil No. 14-483 (DWF/HB), Doc. No. 1 ("Krabbenhoft Compl.") ¶ VI.)  Plaintiff Conrad was employed as a dual-status technician with the National Guard between 1963 and 1993.  (Conrad Compl. ¶ VI.)  Plaintiff Babler was employed as a dual-status technician with the National Guard between 1980 and 1994. (Babler Compl. ¶ VI.)  Plaintiff Krabbenhoft was employed as a dual-status technician with the National Guard for "many years" until 1995.  (Krabbenhoft Compl. ¶ VI.)

---

[1]     The Court addresses all three motions by a single Order as Plaintiffs raise the same allegations and are represented by the same counsel in these separately-captioned cases.

As a condition of their employment with the National Guard, Plaintiffs allege that they were required to be members of the military, wear a military uniform, and perform in unit training assemblies. (Conrad Compl. ¶ VI; Babler Compl. ¶ VI; Krabbenhoft Compl. ¶ VI.)

Following their retirement from the National Guard, Plaintiffs applied for and received social security retirement benefits ("SS benefits") from the Social Security Administration ("SSA"). (Conrad Compl. ¶ VII; Babler Compl. ¶ VII; Krabbenhoft Compl. ¶ VII.) In 1999, Plaintiff Babler applied for SS benefits and received an initial determination from the SSA regarding his SS benefits. (Babler Compl. ¶ VII.) In 2000, Plaintiff Conrad applied for SS benefits and received an initial determination from the SSA regarding his SS benefits. (Conrad Compl. ¶ VII.) In 2004, Plaintiff Krabbenhoft applied for SS benefits and received an initial determination from the SSA regarding his SS benefits. (Krabbenhoft Compl. ¶ VII.)

Plaintiffs allege that their SS benefits were reduced by the Windfall Elimination Provision ("WEP") of the Social Security Act ("SS Act") as they were also receiving a Civil Service Retirement System ("CSRS") pension, which is administered by the Office of Personnel Management ("OPM"). (Conrad Compl. ¶ VII; Babler Compl. ¶ VII; Krabbenhoft Compl. ¶ VII.) Plaintiffs allege that when their SS benefits were reduced by the WEP, they were not informed by the SSA of the WEP exemption for individuals whose CSRS pension was "based wholly on service as a member of a uniformed service." (Conrad Compl. ¶¶ IX-X; Babler Compl. ¶¶ IX-X; Krabbenhoft Compl. ¶¶ IX-X.) Plaintiffs do not dispute that they never appealed the SSA's initial

determination to reduce their SS benefits by the WEP.  (*See generally* Conrad Compl.;

Babler Compl.; Krabbenhoft Compl.)

On February 3, 2011, the Eighth Circuit Court of Appeals issued a decision in

*Peterson v. Astrue*, 633 F.3d 633 (8th Cir. 2011), which held that dual-status technicians

employed by the Air National Guard are members of a uniformed service and are exempt

from the WEP.  (Conrad Compl. ¶ XI; Babler Compl. ¶ XI; Krabbenhoft Compl. ¶ XI.)

The SSA did not appeal the Eighth Circuit's decision.  (Conrad Compl. ¶ XI; Babler

Compl. ¶ XI; Krabbenhoft Compl. ¶ XI.)

Following the Eighth Circuit's decision in *Peterson*, the SSA issued

Acquiescence Ruling ("AR") 12-1(8), 77 Fed. Reg. 51, 842, indicating that it would

apply the *Peterson* decision only to dual-status technicians who reside within the

Eighth Circuit and only to those dual-status technicians who first applied for SS benefits

and had the WEP applied to their benefits on or after February 3, 2011, the date of the

*Peterson* decision.  (Conrad Compl. ¶ XII; Babler Compl. ¶ XII; Krabbenhoft Compl.

¶ XII.)  AR 12-1(8) states, in relevant part, as follows:

> [W]hen we received this precedential Court of Appeals' decision and
> determined that an AR might be required, we began to identify those
> persons within the circuit who might be subject to readjudication if we
> subsequently issued an AR.  Because we have determined that an AR is
> required and are publishing this AR, we will send a notice to those
> individuals we have identified.  In the notice, we will provide information
> about the AR and their right to request readjudication under the AR.
> . . .
> Social Security old-age or disability applicants and beneficiaries who
> receive a CSRS pension based on noncovered work as dual status
> National Guard technicians, and who are permanent legal residents of a
> state within the Eighth Circuit, should have their Social Security benefits

4

> computed using the normal [primary insurance amount ("PIA")], rather
> than the WEP PIA described in 42 U.S.C. 415(a)(7) of the Act.

(Conrad Compl. ¶ XII; Babler Compl. ¶ XII; Krabbenhoft Compl. ¶ XII.)

In letters dated December 28, 2012, the SSA notified Plaintiffs that the SSA "may be able to increase" their SS benefits based on the *Peterson* decision, if certain elements were satisfied. (Conrad Compl. ¶ XIII; Babler Compl. ¶ XIII; Krabbenhoft Compl. ¶ XIII.) Specifically, the notice stated that "[w]e will make a new decision about payment of your Social Security benefits only if: [y]ou request a review; and [w]e decide that the *Peterson v. Astrue* ruling could change our prior decision." (Conrad Compl. ¶ XIII; Babler Compl. ¶ XIII; Krabbenhoft Compl. ¶ XIII.)

On February 27, 2013, within sixty days of receipt of the December 28, 2012 notice, Plaintiffs each filed a Request for Reconsideration with the SSA. (Conrad Compl. ¶ XIV; Babler Compl. ¶ XIV; Krabbenhoft Compl. ¶ XIV.) On April 7, 2013, the SSA issued a Notice of Dismissal to Plaintiff Babler, stating, in relevant part, as follows:

> We sent you a letter on June 11, 1999 to tell you about our decision. The
> letter explained you had up to 60 days from the date you received the letter
> to review the decision. You asked for review on February 28, 2013. This
> is after the 60-day time limit.

(Babler Compl. ¶ XIV.) On April 27, 2013, the SSA issued a Notice of Dismissal to Plaintiff Conrad, stating, in relevant part, as follows:

> We are writing to you about your request for a review of your Social
> Security claim. We have to deny your request because you waited for more
> than 60 days to ask for a review, and you did not have a good reason for the
> delay. We sent you a letter on May 1, 2000 to tell you about our decision.
> The letter explained you had up to 60 days from the date you received the
> letter to ask us to review the decision. You asked for a review on
> February 25, 2013. This is after the 60-day time limit.

(Conrad Compl. ¶ XIV.)  On April 28, 2013, the SSA issued a Notice of Dismissal to

Plaintiff Krabbenhoft, stating, in relevant part, as follows:

> We sent you a letter on May 15, 2004 to tell you about our decision.  The
> letter explained that you had up to 60 days from the date you received the
> letter to ask us to review the decision.  You asked for review on
> February 21 (sic), 2013.  This is after the 60-day time limit.

(Krabbenhoft Compl. ¶ XIV.)

In May 2013, Plaintiffs each requested a hearing by an Administrative Law Judge

("ALJ"), appealing the dismissal of their Request for Reconsideration.  (Conrad Compl.

¶ XV; Babler Compl. ¶ XV; Krabbenhoft Compl. ¶ XV.)  In June 2013, the ALJ issued

an Order of Dismissal of Plaintiffs' respective requests for a hearing, dismissing the

requests on the grounds that Plaintiffs failed to file an appeal contesting the application of

the WEP within sixty days of their initial receipt of their SS benefits.  (Conrad Compl.

¶ XV; Babler Compl. ¶ XV; Krabbenhoft Compl. ¶ XV.)

In June 2013, Plaintiffs each filed a Request for Review with the Appeals Council,

requesting review of the ALJ's dismissal of their requests for a hearing.  (Conrad Compl.

¶ XVI; Babler Compl. ¶ XVI; Krabbenhoft Compl. ¶ XVI.)  In December 2013, the

Appeals Council issued its decision denying Plaintiffs Conrad and Babler's requests for

review of the ALJ's dismissal determinations.  (Conrad Compl. ¶ XVI; Babler Compl.

¶ XVI.)  In February 2014, the Appeals Council issued its decision denying Plaintiff

Krabbenhoft's request for review of the ALJ's dismissal determination.  (Krabbenhoft

Compl. ¶ XVI.)

In February 2014, Plaintiffs Conrad, Babler, and Krabbenhoft each filed a Complaint against Defendant in separate actions in federal court, requesting that the Court "reverse the Decision of the Defendant, or, in the alternative, remand the case for further administrative proceedings." (Conrad Compl. at 7; Babler Compl. at 7; Krabbenhoft Compl. At 7.) In their Complaints, Plaintiffs claim that the Appeals Council's decisions denying their requests for review are "not supported by substantial evidence and [are] contrary to law." (Conrad Compl. ¶ XVIII; Babler Compl. ¶ XVIII; Krabbenhoft Compl. ¶ XVIII.)

Defendant now moves to dismiss, or, alternatively, to stay Plaintiffs' claims in their entirety in all three cases. (*Conrad*, Civil No. 14-336 (DWF/HB), Doc. No. 32; *Babler*, Civil No. 14-338 (DWF/HB), Doc. No. 32; *Krabbenhoft*, Civil No. 14-483 (DWF/HB), Doc. No. 33.)

## DISCUSSION

## I.     Motion to Dismiss Without Prejudice or Stay

Defendant argues that this Court should dismiss without prejudice or stay the present actions pending the appeal of *Mitchael, et al. v. Social Security Administration*, Civ. No. 4:13-305, 2014 WL 4662369 (E.D. Ark. Sept. 16, 2014), *appeal docketed*, No. 14-3220 (8th Cir. Sept. 26, 2014), under the "first-filed rule."

The "first-filed rule" establishes that in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to hear the case." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). The purpose of the first-filed rule is to conserve judicial resources and avoid conflicting rulings. *Keymer v. Mgmt.*

7

*Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999); *Nw. Airlines*, 989 F.2d at 1006; *see also Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) ("The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions."). "The first-filed rule is not intended to be rigid, mechanical, or inflexible[,] but is to be applied in a manner best serving the interests of justice." *Nw. Airlines*, 989 F.2d at 1005 (quotations and citation omitted); *see also Boatmen's First Nat'l Bank of Kan. City v. Kan. Pub. Emps. Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995) (citing exceptions to the rule). The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 120 (8th Cir. 1985) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)). In applying the first-filed rule, courts have the discretion to dismiss, stay, or transfer the later-filed action. *See Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013); *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999).

Here, there is no dispute that the *Mitchael* lawsuit was filed before the present lawsuits. (*Compare Mitchael*, Civ. No. 4:13-305, Doc. No. 1 ("*Mitchael* Compl.") (filed on May 21, 2013), *with Conrad* Compl. (filed on February 6, 2014), *Babler* Compl. (same), *and Krabbenhoft* Compl. (filed on February 20, 2014).) The Court, however, must consider the similarity of the parties and issues presented in these three

lawsuits and the *Mitchael* lawsuit.  *See Watson v. Homecomings Fin., LLC*, Civ.

No. 09-859, 2009 WL 3517837, at *2 (D. Minn. Oct. 23, 2009).

Defendant argues that the claims articulated in the present lawsuits are essentially

identical to and duplicative of the *Mitchael* lawsuit.  Specifically, Defendant contends

that the parties and issues presented here substantially mirror the parties and issues in

*Mitchael*.  Defendant asserts that while the named plaintiffs are different, Plaintiffs in the

present lawsuits are likely members of the *Mitchael* putative class.  Defendant notes that,

like Plaintiffs in the present cases, the plaintiffs in *Mitchael* are former National Guard

dual-status technicians who permanently reside within the Eighth Circuit; had their

SS benefits calculated pursuant to the WEP before *Peterson* was decided; and allegedly

failed to timely seek administrative and district court review of their SS benefit

determinations.  Defendant further asserts that, like Plaintiffs in the present lawsuits, the

plaintiffs in *Mitchael* seek to have their benefits readjudicated retroactively in light of

*Peterson.*  In addition, Defendant asserts that the present cases and the *Mitchael* case

were all brought against the same government agency—the SSA.  Accordingly,

Defendant contends that, with *Mitchael* now on appeal, the essence of Plaintiffs' claims

in the present cases will effectively be adjudicated by the Eighth Circuit.  Therefore,

Defendant argues that the Court should dismiss these cases without prejudice or grant

stays pending resolution of the *Mitchael* appeal in order to conserve judicial resources,

avoid inconsistent rulings, and reduce uncertainty.

Plaintiffs, on the other hand, assert that their claims are broader than those

articulated in the *Mitchael* lawsuit.  In particular, Plaintiffs assert that, unlike *Mitchael*,

their cases do not involve claims that no avenue for administrative review is available to them; that Defendant refused to establish a method for initiating such challenges; that, as result of Defendant's acquiescence policies, they have been deprived of the ability to appeal, either administratively or judicially; and that no exhaustion of administrative procedures is required.  In addition, Plaintiffs contend that, unlike the plaintiffs in *Mitchael*, they have followed the administrative procedures available to them by seeking review at each stage of the proceedings following notice advising them of their right to review under *Peterson*.  Plaintiffs further assert that the remedy sought by Plaintiffs in the present cases is a remand to the SSA Assistant Commissioner to recalculate their SS benefits pursuant to what they believe to be the correct application of the law, whereas the remedies sought by the plaintiffs in *Mitchael* include an order certifying the proposed class; compensatory, consequential, and statutory damages; a declaration that the action of the SSA Commissioner is illegal, null, and void; injunctive relief; back pay; and attorney fees and costs.  As such, Plaintiffs assert that their claims are substantially different than those in the *Mitchael* case and that a resolution in *Mitchael* would not necessarily resolve the issues in the present cases.  Therefore, Plaintiffs argue that the first-filed rule is inapplicable here and that the Court should deny Defendant's request to dismiss or stay their cases.

Consistent with the Court's remarks at the January 9, 2015 hearing on Defendant's motions, the Court declines to dismiss or stay the instant matters based on the first-filed rule.  Although the *Mitchael* case raises some factual and legal issues that overlap with those in the present cases, the Court concludes that Defendant's reliance on the

10

application of the first-filed rule in seeking a dismissal or a stay is misplaced.  Assuming,

without deciding, that Plaintiffs' characterization of their litigation and the *Mitchael*

litigation is correct, the present actions are not duplicative, second-filed lawsuits to which

the first-filed rule should be applied.  *See Colo. River Water Conservation Dist. v.*

*United States*, 424 U.S. 800, 817 (1976); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678

F.2d 93, 95 (9th Cir. 1982).  Contrary to Defendant's assertions, the Court is not

persuaded that the extent of the overlap between the parties and claims at issue in the

present cases and the *Mitchael* case is sufficient to invoke the application of the first-filed

rule in these lawsuits.  Furthermore, Defendant has not alleged, and there is nothing to

suggest, that Plaintiffs filed the present actions in bad faith or engaged in forum shopping

or a "race to the courthouse," which the first-filed rule is designed to address.  *See Selph*

*v. Nelson, Reabe & Snyder, Inc.*, 966 F.2d 411, 413 (8th Cir. 1992).  Finally, the Court

finds that the interests of justice are best served by allowing the present cases to proceed.

*See Nw. Airlines*, 989 F.2d at 1005; *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*,

920 F.2d 487, 488 (8th Cir. 1990).  Accordingly, the Court chooses not to exercise its

discretion to dismiss or stay the present actions under the first-filed rule, and denies

Defendant's motions to dismiss or stay these actions pending the appeal of the *Mitchael*

action.

## II.      Motion to Dismiss With Prejudice

Defendant alternatively argues that this Court should dismiss the present actions

*with* prejudice pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of

Civil Procedure. Defendant first seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.

To survive a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of proving jurisdiction. *VS Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). "Subject matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). A motion to dismiss for lack of subject matter jurisdiction may challenge a plaintiff's complaint either on its face or on the factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted). When a defendant brings a facial challenge—a challenge that, even if truthful, the facts alleged in a claim are insufficient to establish jurisdiction—a court reviews the pleadings alone, and the non-moving party receives the same protections as it would defending against a motion brought pursuant to Rule 12(b)(6). *Id.* (citations omitted).

Defendant argues that the Court does not have subject matter jurisdiction, as Plaintiffs have not exhausted their administrative remedies under 42 U.S.C. § 405(g), which Plaintiffs invoke to establish jurisdiction. "In order for the district court to have subject matter jurisdiction under section 405(g), a claimant must have presented a claim for benefits to the Secretary and exhausted the administrative remedies prescribed by the Secretary." *Schoolcraft v. Sullivan*, 971 F.2d 81, 84-85 (8th Cir. 1992); *see also Degnan v. Burwell*, 765 F.3d 805, 808 (8th Cir. 2014) (citation and internal quotation marks omitted); *Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir. 1993) (citation omitted). Here,

Plaintiffs do not allege that they sought any administrative review, requested an administrative hearing, or received a final decision from the SS Commissioner upon receiving their initial benefit determinations.

Instead, Plaintiffs allege that the Appeals Council's decision denying Plaintiffs' requests for review is the final administrative decision in these cases.  Plaintiffs allege that their claims for an adjustment of their SS benefits based upon the WEP exemption for dual-status technicians were effectively reopened by the AR-12-1(8) and the December 28, 2012 letters sent to Plaintiffs.  In addition, Plaintiffs allege that they pursued every administrative procedure available to them once they received the December 28, 2012 notice.  Plaintiffs further contend that they would have had no reason to take any action on the application of the WEP to their SS benefits until they received the December 28, 2012 notice, and that they acted promptly upon receipt of the notice. Therefore, Plaintiffs argue that this Court has subject matter jurisdiction over their claims pursuant to section 405(g).

Defendant, on the other hand, argues that the December 28, 2012 letters noting the SSA's acquiescence in *Peterson* did not effectively reopen Plaintiffs' SS benefit determinations.  Defendant asserts that, by its own terms, AR 12-1(8) applies to all determinations or decisions made on or after August 27, 2012.  In addition, Defendant asserts that it is undisputed that the December 28, 2012 letters stated that readjudication of benefit determinations in accordance with *Peterson* is only applicable under certain conditions, including that the SSA made its decision to apply the WEP on or after February 3, 2011.  As such, Defendant argues that because Plaintiffs' SS benefit

13

determinations were made well before the *Peterson* decision, neither the SSA's

AR 12-1(8) nor the December 28, 2012 letters provide grounds for re-opening their

benefit determinations.  Defendant further argues that the SSA's denial of Plaintiffs'

post-*Peterson* requests to the ALJs and the Appeals Council to reopen their cases is not

subject to administrative or judicial review.  Accordingly, Defendant contends that

because Plaintiffs have failed to exhaust their administrative remedies, the Court lacks

subject matter jurisdiction under section 405(g) to review the SSA's decisions not to

reopen their benefit determinations.

The Court concludes that Plaintiffs have failed to plead facts sufficient to confer

subject matter jurisdiction under section 405(g).  First, the Court finds that Plaintiffs'

failure to seek any administrative review upon receiving their initial benefit

determinations prevents Plaintiffs from relying on their undisputed inaction as a basis to

seek judicial review within the meaning of section 405(g).  Second, the Court finds that

the AR 12-1(8) and December 2012 letters from the SSA did not effectively reopen

Plaintiffs' SS benefits claims, and that the Appeals Council's decisions denying

Plaintiffs' requests for review in light of the AR 12-1(8) and the December 2012 letters

do not constitute a final administrative decision for purposes of section 405(g).  Because

Plaintiffs have invoked this Court's jurisdiction under section 405(g), and because

Plaintiffs have failed to allege facts sufficient to meet the jurisdictional requirements

under section 405(g), the Court must dismiss Plaintiffs' claims for lack of subject matter jurisdiction.[2] *See Schoolcraft*, 971 F.2d at 84-85.

Moreover, even if the Court were to find that subject matter jurisdiction existed in the present actions, the Court would dismiss the actions under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

At the heart of Plaintiffs' claims against Defendant is the allegation that Defendant's final decisions in these cases—the Appeals Council's decisions denying their requests for review—are not supported by substantial evidence and are contrary to law, and, therefore, should be reversed or remanded for further administrative

---

[2]     To the extent that Plaintiffs seek an exception to the jurisdictional bar of section 405(g) when "colorable" constitutional claims are at issue, the Court finds such arguments without merit because, as discussed below, Plaintiffs have failed to allege colorable constitutional claims. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Stanley v. Astrue*, 298 Fed. Appx. 537, 541 (8th Cir. 2008); *Thorbus v. Bowen*, 848 F.2d 901, 903 (8th Cir. 1998).

proceedings.  In their Complaints, Plaintiffs make various allegations as to the manner in which the SSA handled their cases, which, construed liberally, appear to generally allege due process and equal protection challenges.[3]

With respect to Plaintiffs' due process claims, Plaintiffs first allege that they were "never given a fair hearing" because the ALJ denied their requests for a hearing.  (Conrad Compl. ¶ XVIII; Babler Compl. ¶ XVIII; Krabbenhoft Compl. ¶ XVIII.)  The Fifth Amendment's Due Process Clause prohibits the United States, including its agencies, from "depriving any person of property without due process of law." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (internal quotation marks omitted).  "The procedural component of the Due Process Clause protects property interests created not by the Constitution but by 'rules or understandings that stem from an independent source such as state law.'" *Ganley v. Minneapolis Park & Recreation Bd.*, 491 F.3d 743, 749 (8th Cir. 2007) (internal citations and quotations omitted).  "A procedural due process claim focuses not on the merits of the deprivation, but on whether the [SSA] circumscribed the deprivation with constitutionally adequate procedures." *Parish v. Mallinger*, 133 F.3d 612, 615 (8th Cir. 1998).

Here, Plaintiffs indisputably failed to exhaust their administrative remedies after receiving their initial benefit determinations.  The SSA's administrative review process is comprised of four steps, which include an initial determination, a reconsideration, an

---

[3]     Although Plaintiffs do not address their vague due process or equal protection claims in their opposition briefs, the Court will address the claims nonetheless because Plaintiffs' Complaints could be read generously to allege due process and equal protection violations and because Defendant addresses such claims in its briefs.

administrative hearing before an ALJ, and a review by the Appeals Council.  20 C.F.R.

§ 404.900(a).  At various phases of this administrative process, claimants may request

extensions of time for good cause.  *See, e.g.*, *id.* §§ 404.909(b), 404.933(c), 404.982.

Despite these administrative remedies, Plaintiffs concede that they did not request the

SSA to reconsider its initial decisions and thus concede that the ALJ and Appeals Council

did not deviate from the SSA's proper practices and procedures.  Although Plaintiffs

vaguely allege that the SSA violated their due process rights by denying them an

administrative hearing and review by the Appeals Council, the undisputed facts are that

the SSA could not provide these avenues to Plaintiffs because they had not timely

requested the SSA to reconsider its initial benefit determinations.  As a result, the Court

finds that Plaintiffs have failed to state a claim for a procedural due process violation.

*See Twombly*, 550 U.S. at 556.

Although Plaintiffs fail to state a procedural due process claim, construing

Plaintiffs' Complaints liberally, it appears from their allegations that they may also be

intending to allege that the SSA denied them *substantive* due process.  To state a claim

for a substantive due process violation, Plaintiffs must demonstrate that:  (1) they had a

fundamental property right arising under the Fourteenth Amendment; (2) the SSA's

conduct deprived them of that right; and (3) the SSA's actions were "so 'arbitrary' or

'conscience-shocking' as to violate due process."  *See Ganley*, 491 F.3d at 749.

Plaintiffs allege in their Complaints that the SSA acted "unfairly and deceptively"

and "arbitrarily and capriciously" in denying their claims.  (Conrad Compl. ¶ XVIII;

Babler Compl. ¶ XVIII; Krabbenhoft Compl. ¶ XVIII.)  Notably, however, neither their

17

Complaints or their briefs set forth the basis of these vague and conclusory claims nor any factual support for their claims.  Even assuming that Plaintiffs have a protected property interest in anticipated SS benefits and that the SSA deprived them of their property interest, Plaintiffs have stated no facts that support a plausible claim that the SSA's actions were so arbitrary or conscience-shocking as to violate due process.  In addition, as discussed below, Plaintiffs have failed to allege that the SSA's actions have no rational relationship to a legitimate governmental purpose, and, instead, the Court finds the SSA's actions to be rational.  *See Ganley*, 491 F.3d at 749.  Therefore, the Court concludes that Plaintiffs have failed to state a claim for a substantive due process violation.  *See Twombly*, 550 U.S. at 556.

To the extent that Plaintiffs allege an equal protection claim, such claims must be brought under the Fifth Amendment, not the Fourteenth Amendment, as the Fourteenth Amendment applies only to actions by state governments, not federal agencies, such as the SSA.  *See Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975).  Because Plaintiffs are not a suspect class and have no fundamental constitutional right to SS benefits, the challenged action need only be rationally related to a legitimate government purpose to survive judicial review.  *See Weinberger v. Salfi*, 422 U.S. 749, 771-72 (1975); *Christopher Lake Dev. Co. v. St. Louis Cnty.*, 35 F.3d 1269, 1274 (8th Cir. 1994) (internal citations and quotation marks omitted).  Plaintiffs appear to claim that they are being treated differently than other National Guard dual-status technicians who had their SS benefits adjusted by the SSA based on the application of *Peterson* or who did not have the WEP applied after the date of the *Peterson* decision.  Defendant

maintains that there is a rational basis for the distinction because SS benefit determinations made more than sixty days before the date of *Peterson* that are not currently under administrative review are binding and are time-barred under the SSA.

The Court concludes that Plaintiffs' Complaints fail to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 545. The Court finds that Defendant has a rational basis for applying the WEP to Plaintiffs and for applying the *Peterson* decision prospectively. To the extent that Plaintiffs object to the SSA's method of determining how to apply the *Peterson* decision to claimants, Plaintiffs fail to explain why the SSA's method is unsupported by a rational basis. In addition, as discussed above, Plaintiffs do not dispute that they did not exhaust the administrative avenues of relief available to them upon receipt of their benefit determinations and did not raise the issue regarding the application of the WEP with respect to their benefits in a timely fashion. Furthermore, courts have long recognized the importance of finality of benefit determinations in serving both the interest of the claimant and the government. *See Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Because the Court finds that a rational basis exists in distinguishing between individuals who received benefit determinations more than sixty days before the issuance of the *Peterson* decision and had the WEP applied to their claims and those who did not, Plaintiffs' equal protection claims cannot survive a motion to dismiss. Therefore, Plaintiffs' equal protection claims must be dismissed.

Even liberally construing Plaintiffs' allegations, the Court determines that Plaintiffs have failed to state a colorable constitutional claim. *See Twombly*, 550 U.S.

at 556.  Although the Court understands the frustration and dissatisfaction that Plaintiffs have experienced throughout the process of appealing the decisions relating to their benefits, these decisions do not rise to the level of violating their right to due process or equal protection.  As a result, the Court concludes that Plaintiffs have failed to state any claim for which relief can be granted, and, accordingly, their Complaints must be dismissed in their entirety.

In sum, because it is apparent to the Court that there is no subject matter jurisdiction or legal or factual basis for any asserted claim against Defendant, the Court grants Defendant's motions to dismiss.  Accordingly, Plaintiffs' Complaints are properly dismissed with prejudice.

## ORDER

Based on the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Defendant's Motion to Dismiss or Stay against Plaintiff Kenneth E. Conrad (*Conrad v. Colvin*, Civil No. 14-336 (DWF/HB), Doc. No. [32]) is **GRANTED IN PART** and **DENIED IN PART AS MOOT** as follows:

   a.     Defendant's Motion to Dismiss is **GRANTED**.

   b.     Defendant's Motion to Stay is **DENIED AS MOOT**.

2.     Plaintiff Kenneth E. Conrad's Complaint (*Conrad v. Colvin*, Civil No. 14-336 (DWF/HB), Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

3.      Defendant's Motion to Dismiss or Stay against Plaintiff Vincent H. Babler

(*Babler v. Colvin*, Civil No. 14-338 (DWF/HB), Doc. No. [32]) is **GRANTED IN PART**

and **DENIED IN PART AS MOOT** as follows:

a.      Defendant's Motion to Dismiss is **GRANTED**.

b.      Defendant's Motion to Stay is **DENIED AS MOOT**.

4.      Plaintiff Vincent H. Babler's Complaint (*Babler v. Colvin*,

Civil No. 14-338 (DWF/HB), Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

5.      Defendant's Motion to Dismiss or Stay against Plaintiff Conrad W.

Krabbenhoft (*Krabbenhoft v. Colvin*, Civil No. 14-483 (DWF/HB), Doc. No. [33]) is

**GRANTED IN PART** and **DENIED IN PART AS MOOT** as follows:

a.      Defendant's Motion to Dismiss is **GRANTED**.

b.      Defendant's Motion to Stay is **DENIED AS MOOT**.

6.      Plaintiff Conrad W. Krabbenhoft's Complaint (*Krabbenhoft v. Colvin*, Civil

No. 14-483 (DWF/HB), Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Date:  July 7, 2015                    s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge

21